IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL R. DELARM,

    Petitioner,                 No. CIV-S-11-0750 CKD P

    vs.

M.D. MCDONALD,

    Respondent.             ORDER

_____/

        Petitioner is a California prisoner proceeding pro se with a petition for writ of habeas corpus under 28 U.S.C. § 2254. He challenges 2006 convictions from the Superior Court of San Joaquin County for attempted murder and assault with a deadly weapon. The convictions arise from petitioner stabbing Danny Burroughs on April 14, 2005.[1] CT 869-871. Petitioner is serving a sentence of thirteen years imprisonment. Both parties have consented to all proceedings in this matter being held before a United States Magistrate Judge. See 28 U.S.C. § 636(c).

        Respondent has filed a motion to dismiss for violation of the applicable statute of limitations. Title 28 U.S.C. § 2244(d)(1) provides as follows:

---

[1] For a lengthy summary of the facts presented at trial, see the California Court of Appeal's decision with respect to petitioner's direct appeal; respondent's lodged document number 5.

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Petitioner appealed his convictions and sentence to the California Court of Appeal. Resp't's Lodged Doc. #2. A decision was rendered with respect to the appeal on August 6, 2008. Resp't's Lodged Doc. #5. Petitioner sought review of that decision in the California Supreme Court. Resp't's Lodged Doc. #6. The petition for review was denied November 12, 2008. Resp't's Lodged Doc. # 7. Direct review with respect to the convictions at issue in this action became final for purposes of § 2244(d)(1)(A) 90 days later on February 10, 2009, when time expired for petitioner to seek a writ of certiorari with respect to the California Supreme Court's denial of petitioner's request for review. See Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999) ("We hold that the period of 'direct review' in 28 U.S.C. § 2244(d)(1)(A) includes the period within which a petitioner can file a petition for a writ of certiorari from the United States Supreme Court, whether or not the petitioner actually files such a petition."). Absent tolling, the limitations period applicable to this action began running the

/////

/////

next day on February 11, 2009 and ran out one year later on February 10, 2010. The action was commenced by petitioner on March 18, 2011.[2]

However, Title 28 U.S.C. §2244(d)(2) provides that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." The records reveal, and respondent concedes, that petitioner had properly filed applications for state post-conviction relief pending between July 19, 2009 and August 11, 2010.[3] Therefore, the court will deem the limitations period applicable to this action tolled during that time. There is no statutory basis to toll the limitations period between February 11, 2009 and July 18, 2009, however, which means that during that period of time, 158 days of the limitations period ran. The limitations period began running again when the California Supreme Court denied the habeas petition on August 12, 2010 and, absent any equitable tolling, ran out on March 6, 2011.

Petitioner asserts, however, that he is entitled to equitable tolling. The statute of limitations may be subject to equitable tolling if a petitioner can demonstrate that (1) he had been pursuing his rights diligently, and (2) some extraordinary circumstance prevented him from filing on time. Holland v. Florida, 130 S. Ct. 2549, 2562 (2010). Petitioner must show that the "extraordinary circumstance" was the cause of the untimeliness. See Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003). "[T]he threshold necessary to trigger equitable tolling . . . is very high,

---

[2] Normally, the court would deem this action commenced when petitioner submitted his habeas petition to prison officials for mailing. See Houston v. Lack, 487 U.S. 266, 270 (1988). However, it is not clear when that occurred, although petitioner signed his habeas petition on March 15, 2011. Pet. at 214.

[3] On July 19, 2009 petitioner delivered a habeas petition to prison officials for filing in the San Joaquin County Superior Court; that petition was denied on September 25, 2009. Resp't's Lodged Docs. #8 and 9. On November 23, 2009, petitioner filed a habeas petition in the California Court of Appeal, Third Appellate District, which was denied on December 10, 2009. Resp't's Lodged Docs. #10 and 11. On January 6, 2010, petitioner filed a habeas petition in the California Supreme Court, which was denied on August 11, 2010. Resp't's Lodged Docs. #12 and 13.

lest the exception swallow the rule." Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011 (9th Cir. 2009) quoting Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002).

Petitioner claims that he should be entitled to equitable tolling because he has been subjected to "limited access to the law library for research and copies." However, lack of access to the prison law library is not a per se "extraordinary circumstance" for purposes of equitable tolling. Ramirez v. Yates, 571 F.3d 993, 997-98 (9th Cir. 2009). Also, as indicated above, petitioner was finished pursuing state court remedies with respect to his claims August 11, 2010.[4] While petitioner asserts that some of the time between the date he exhausted state court remedies and the day he filed here was lost attempting to gain access to his prison law library for research and copies,[5] he fails to point to anything suggesting it took the entire time or that the amount of time he was permitted to access the law library was somehow insufficient. Furthermore, petitioner fails to indicate why he needed to undertake lengthy legal research after his petition for writ of habeas corpus had been denied by the California Supreme Court as petitioner cannot obtain relief here unless his claim had been presented to and denied by the California Supreme Court. Picard v. Connor, 404 U.S. 270, 276 (1971). Accordingly, petitioner has not shown he had been pursuing his rights arising under 28 U.S.C. § 2254 diligently nor that any extraordinary circumstance caused him to file late.[6] For these reasons, petitioner is not

---

[4] Petitioner may not obtain relief with respect to any claim in a 28 U.S.C. § 2254 action unless state court remedies have been exhausted. 28 U.S.C. § 2254(b)(1).

[5] For example, in a document attached to petitioner's opposition which appears to be a request for an extension of time to file a § 2254 petition in this court, petitioner asserts he was denied law library access for some portion of December, 2010 and all of January, 2011.

[6] Petitioner asserts he sought two requests for extensions of time to file his habeas petition in this court before he actually filed his habeas petition. With his opposition to respondent's motion to dismiss, he submits two documents which appear to be requests for extensions of time directed to this court. However, the court has no record of ever receiving petitioner's requests, the documents submitted by petitioner are not stamped as having been received by the court and nothing submitted by petitioner indicates the court ever responded to his requests. In any case, filing a request for an extension of time to file a § 2254 habeas petition before the petition has actually been filed is not proper as there is no § 2254 action until the petition has been filed and therefore no basis for the court to enter any orders.

entitled to equitable tolling of the applicable limitations period.

Finally, petitioner asserts the court should excuse the fact that he has filed outside the applicable limitations period because he is "actually innocent."  An otherwise time-barred habeas petitioner may proceed with his habeas claims if he can show that, in light of new and reliable evidence, it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt.  Lee v. Lampert, 653 F.3d 929, 938 (9th Cir. 2011).  In order to determine if the habeas petitioner has met the "actually innocent" standard described above, the court considers the new evidence presented in conjunction with the evidence which was presented at trial.  Id.  In the Ninth Circuit, "new" evidence is simply evidence which was not presented at trial.  Griffin v. Johnson, 350 F.3d 956, 962 (9th Cir. 2003).

The court will waive the applicable limitations period and hear a habeas petitioner's claims under the "actual innocence" exception only in the extraordinary case.  Lee, 653 F.3d at 938.  This is not such a case.

Victim Danny Burroughs was the main witness at petitioner's trial.  The most important part of his testimony is the portion where he indicated that, following an evening of turmoil during which Burroughs could be fairly described as the primary instigator, he was struck and knocked down by a car driven by Tappetha Hossack and carrying petitioner.  Burroughs attempted to stand, whereupon Hossack drove into him again.  As Burroughs again tried to stand, petitioner jumped out of Hossack's car and stabbed Burroughs repeatedly.  While stabbing Burroughs, petitioner said "You don't know who you are dealing with, you're dead."  Eventually, petitioner got back into the car with Hossack and they drove away.  At the time of these events, Burroughs had been dating Hossack, but petitioner had previously been in a relationship with Hossack, Hossack and petitioner had a child together, and Hossack was pregnant with their second child.

Dr. John Dowbak testified that he examined Burroughs the day after the events at issue.  He noted multiple knife wounds to Burroughs's right arm, right leg and knee.  He also

1  observed a fracture to his right tibia.

2         The first piece of "new" evidence presented by petitioner in support of his "actual
3  innocence" argument is a letter by investigator Aaron Jenkins regarding statements made by
4  Brandy Feltz-Patelzick who was present the night of the events at issue.  In the letter, Jenkins
5  asserts Ms. Feltz-Patelzick told him:

6         1. Petitioner was not in the car driven by Tappetha Hossack when she drove that
7  car into Burroughs.  Petitioner was in the nearby house where Brandy was.

8         2. Petitioner went to Hossack after she hit Burroughs and got into her car.  She
9  did not see petitioner leave Hossack's car and then stab Burroughs, but Brandy did admit it was
10 "really dark."
11 Pet., Ex. 4.

12        Next, petitioner points to a report authored by Officer Gordon Gray of the
13 Stockton Police Department (Pet., Ex. 18) and various medical records (Pet. Exs. 2, 8 & 11-15).
14 Petitioner asserts these documents suggest Burroughs was not stabbed "multiple" times as
15 indicated by Dr. Dowbak.

16        In spite of the evidence petitioner now presents, there is still nothing before the
17 court which reasonably suggests that petitioner did not stab Danny Burroughs at a time when
18 Burroughs was in no position to be a physical threat to petitioner.  While Feltz-Patelzick
19 indicates petitioner was not in the car driven by Hossack when she hit Burroughs, Feltz-Patelzick
20 does indicate petitioner approached Burroughs after Burroughs was hit and indicates she could
21 not tell if petitioner stabbed Burroughs.  While the medical records and the report of Officer Gray
22 presented by petitioner could have been used by petitioner's attorney to possibly impeach or
23 clarify the testimony of Dr. Dowbak as to the location of stab wounds and the number of times
24 Burroughs was stabbed, there is nothing which undermines Dowbak's testimony and the
25 testimony of petitioner to cast any reasonable doubt on the conclusion that Burroughs was
26 stabbed.

While the evidence petitioner presents might have helped his case to a minimal degree, it does not give the court any reason to believe there is any chance no reasonable juror would have found petitioner guilty beyond a reasonable doubt.  Therefore, the limitations period applicable to this action will not be waived via the "actual innocence" exception and this action will be dismissed as time-barred.

Accordingly, IT IS HEREBY ORDERED that:

1. Respondent's July 28, 2011 motion to dismiss is granted;

2. Petitioner's application for writ of habeas corpus is dismissed;

3. This case is closed; and

4. The court declines to issue the certificate of appealability referenced in 28 U.S.C. § 2253.

Dated: December 1, 2011

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
dela0750.157